Good morning, Your Honors. May it please the Court, my name is Karen Pickett, and I represent the appellant Keon Taylor. As Your Honors are aware, Mr. Taylor has challenged both his convictions and also his resulting almost 30-year sentence, arising from crimes committed against a United States postal worker named Mr. Wu. I'd like to start out by arguing why Mr. Taylor's conviction should be reversed based on the three arguments that I made. The first is that the judge excluded helpful evidence to Mr. Taylor's defense. The second is that Mr. Taylor was prejudiced by the government's closing argument in rebuttal. And the third is that his 924C conviction should be reversed. And then I'd like to follow up and argue why his case at the minimum needs to be remanded for resentencing. On the issue of the exclusion of evidence, there's two pieces of evidence that Mr. Taylor sought to introduce to the jury. The first was a letter provided in discovery by the government in which the government identified a man named Kemron Roach as an indicted co-conspirator. And as Your Honors are aware, Mr. Taylor's defense, by and large, was premised on reasonable doubt and part and parcel of that was his arguing that he wasn't the person responsible for the attack on Mr. Wu, that it was actually Mr. Roach. Counsel, did the government present evidence against Mr. Roach to the grand jury? I don't believe that they did, Your Honor, but I'm not positive about that. All I know is that, as was provided in the discovery, it was a letter in which they said he was an unindicted co-conspirator. I don't know if they tried to indict him and the grand jury didn't return a bill or if they didn't try to present evidence at all. It's just simply that he was, in discovery, he was named as an unindicted co-conspirator. That's the government's argument here, is that it was the grand jury that chose not to indict him, not the government, and therefore it's not an 803 admission by the government when they choose not to indict someone. It's a grand jury decision. But the government, in its letter, still identifies him as a co-conspirator, so whether the grand jury chose to indict him or not, they're providing that information, truthful information, to the defendant. And so, in order for the government to tell the defendant So, if the government says we have reason to believe that he may be an unindicted co-conspirator, how is that, in and of itself, an admission? Well, because in the course of the trial, the government basically told the jury, Cameron Roach isn't an issue here. Don't worry about Cameron Roach. It came up several times and it was hammered home by the government in its closing argument. And, of course Well, that's because that was your defense, that you were trying to pin it on him. Yes, that was our defense, right. So the government was responding to the defense argument. Right. And so there was evidence presented at the trial of Cameron Roach's involvement, but then the government backed off and said, you don't need to worry about Cameron Roach. And I believe that a letter provided truthfully to the defense that identifies him as another co-conspirator would be helpful to Mr. Taylor, because the jury has to decide who it was that actually committed the attacks in the postal truck. How do you deal with the, let's assume it's an admission, how do you deal with the balancing of the prejudice versus the relevance issue? Because at most, it's a statement that he was involved in some way, but the government didn't deny his involvement. You need it to be, he did it rather than Taylor. Nothing in that statement tells you he did it rather than Taylor. And then the district court says, you know, if we put this in, there's going to be a big side issue about why didn't they indict him, which has nothing to do with the direct issue in the case. It was a discretionary judgment under 403 for the judge. Well, I wanted to get to that because your Honor, Judge Thompson has written an opinion, which was the United States versus George case. And in that case, Mr. George wanted to present evidence of a co-conspirators cooperation agreement and plea. And Judge Thompson, you know, said this is going to devolve into a mini trial here. But in my case, and as the defense counsel reiterated again and again, he simply wanted a letter to come in. He didn't want to delve into why Mr. Roach was or wasn't involved. Well, the worry is that it will distract the jury into thinking about an issue that is a side issue. But why isn't that a legitimate determination for the district court to make under 403? Your Honor, I would strongly argue that it's not a side issue. This is the core of his defense. No, no. The side issue is why he was not indicted. It could be a side issue if the reason he was indicted had nothing to do with whether he did it and just whether he was involved. He could have been involved and Taylor could have been involved. True. So doesn't that create the problem for you under 403, which is the district court is statement versus the potential distraction that it may cause, and makes a reasonable judgment that the relevance isn't so great since there's evidence of Roach's involvement before the jury anyway. All this adds as a potential side issue for the jury to think about why he would have been indicted. I think it does help Mr. Taylor's defense. And again, under 403, the distraction or the I'd like to then, not only by itself, but in conjunction with the other piece of excluded evidence, which I'd like to get to now. The other piece of evidence that Mr. Taylor forcefully put to the judge that he wanted to get in was a statement by his actually charged co-defendant, Maurice Gittins. And in that statement, Mr. Gittins, in an interview with the police, told the police that around 6 o'clock he picked up Mr. Roach and the white U-Haul van that we know from the evidence followed Mr. Wu and was involved in blocking Mr. Wu in and took off after the incident. And interestingly, the judge basically found that she didn't think that that statement was self-inculpatory. And by Mr. Gittins admitting that he was driving that van with the co-conspirator at around the time of the events in question, it didn't rise to the level of being self-inculpatory. And I would ask the court to review, as I'm sure you know the case, the Williamson case, which is very similar to the case here. And in that case, the court basically said, there's all sorts of statements that people make that may implicate somebody else, including the defendant. But the fact that they implicate somebody else doesn't mean that they're self-inculpatory. And I think if you read the judge's reasoning here, it seems that she thinks the statement shouldn't come in because Mr. Gittins was identifying being with the unindicted co-conspirator, Mr. Roach. And I would argue that there really isn't anything, I can't imagine anything more inculpatory than saying that you're with a co-conspirator driving the van involved in the incident at the time of the incident. And so Mr. Taylor again and again raised that issue, objected to that issue. And I think those two issues combined, if that evidence had come in, it would have been powerful for Mr. Taylor's defense. He did argue, based on what he had, that he wasn't responsible for the crime. And I realize Your Honors know that there's strong physical evidence and there's strong scientific evidence tying him to the crime. But if you read through the trial and you read the defendant's closing argument, there are some holes in the case. I mean, Mr. Wu's identification of the assailant, it seemed to match Mr. Roach more carefully than Mr. Taylor. We know that Mr. Roach was found in the white van after the incident in question. We know that he was picked up and questioned with Mr. Giddens. And so there was a good faith basis and a lot of evidence for the defendant to counsel, for the defense to argue reasonable doubt. Counselor, since you're talking about the facts, the statement that you want in is that Giddens picked up Roach. In the white cargo, in the white U-Haul van around the time of the incident. And how is that helpful for having Roach? You need Roach to be doing what Taylor is alleged to have done. Well, I think that's stretching it a little too far. We don't have to prove Mr. Roach was the crime. The theory is Taylor didn't do it, Roach did it. Right. That's why you say you're prejudiced because you didn't get to fully develop that argument, right? Right. How does having Roach in the car with Giddens at 6 o'clock help show that Roach was not in the car with Giddens, but he was actually in the mail truck? Well, because the way the evidence came in and the government's argument is that Roach wasn't there at all. No, I understand that. But how does having him in the car help get him in? For the theory of work, he's got to be in the mail van, right? Well, yes, of course. So how does him not being in the mail van or being in a different car help? I'm just asking because it just seems to go down this error. You're really assuming all the other points. You have to show that you're really prejudiced by the exclusion of this. I'm having trouble seeing how the statement you want in does anything that would be all that helpful to you. I guess I would view it from instead of helping, how does it hurt? And by not allowing that evidence in, the jury could come to the conclusion that Roach wasn't there at all. But we need to get him there in the first place, and we can't even do that. So I think that in tandem with the other evidence. Your theory is that he was there in the car or van around the same time that the incident took place and that his description better matches that of the assailant as opposed to Roach. And therefore, if you can put him there with this other evidence, is that your argument? Thank you. I guess you did it much more effectively than I did. But yes, that's the argument. Isn't the real problem that it's not corroborated by anyone and that the Monserrati case of this court requires that for an 804 self-inculpatory statement to be admitted, it has to be corroborated and there was no corroboration for that statement at all? Wasn't that the basis? Wasn't 804 really the basis and the failure to corroborate it fatal to his admission? I would assert, Your Honor, that first the corroboration standard is minimal. We don't want people making false confessions, essentially, so we need some corroboration. But here there was corroboration. First, that somebody was driving that van, and we believe it was Gittins. And also we know that there was evidence that Roach was there. There was a text that was admitted. We know that at some point after the incident, Roach was in that white van. And so I believe there's sufficient corroboration on that minimal standard. Am I right that the district court didn't reach the corroboration issues? I think they did. She did. She asserted both of those. Her reasoning is found on the second day of trial from pages 5 through 7. And she said, I believe she said both. Oh, I'm sorry, that's on the issue of the letter. I thought that what happened is you say you're going to note your objection, so then she stops talking with respect to Gittins' issue. No, I believe at some point she did say that there was a corroboration requirement and that she didn't see it in this case. Okay. I believe it was on March 17th, and her explanation is on pages 70 through 78. So why is she wrong if she didn't make a finding on that? Because as I said, Your Honor, there was sufficient corroboration that Gittins was, I mean, this is Gittins' statement, Gittins saying, I was there, I was driving the truck around the time of the incident. We know that there's corroboration of that. The fact that he identifies Cameron Roach being with him is sufficiently corroborated by the evidence that I just talked about, the text. The defense counsel pointed out that some evidence was thrown on the route that would pass Mr. Roach's house. We know that he was found later in the truck. And so my argument is that it really vitiated the court. And again, I understand that there was strong evidence against my client in terms of physical and scientific evidence, but there were some holes in the case, and I believe the exclusion of this evidence prohibited it from presenting favorable evidence in his defense. I'd like to just briefly touch on the closing argument issue. Your Honors can read, it's a short rebuttal, and this came up really in the rebuttal by the government to the defendant's argument. Our position is that the defense, as I've stated before, has said this is a reasonable doubt case, it's more likely it was Mr. Roach, pointed to some holes in the government's case, argued from the evidence. And I think the problem in rebuttal argument, I find myself, is that the government can't prepare ahead of time for that, and so they're responding sort of on the fly. And you'll see that in the appellate briefs, the government admits that the first time that the prosecutor says, you know, he can't testify, the defense counsel is testifying that that was a misstatement, but that he corrected it, but that's not really true. I mean, if you read the rebuttal, he says at least, I think, six times that the defense counsel was testifying, that he's not allowed to testify. And obviously there's a wide berth in closing argument, I understand that, but this was the last thing that the jury heard, and I believe he really was impugning the integrity of the defense counsel, who has a duty to zealously advocate for Mr. Taylor. And I believe if you read it, and again it's short, if you read it, besides saying he can't testify, he's also saying, where's the evidence on this? Why isn't there any evidence? He doesn't say, I'm paraphrasing here, but you're left with the impression that not only is he impugning the reputation and integrity of the defense counsel, but he's putting the burden on Mr. Taylor to come forward with affirmative evidence of these things. And I believe that that's improper. I know that there was no objection. Could you address the 924C issue before you? Yes, and I realize, Your Honor, I'm sure you're interested in the 924C issue, which is a very hot issue percolating right now in the circuit courts. As Your Honor is aware, and as Mr. Cole pointed out on Friday, the Eighth Circuit just came down and said that 924C is not covered by Johnson. And by my count, there's four circuits that have said that it's not, and there's four that have either said that it is or indicated it has, either in the context of Constituent 16B or in sort of some second and successive habeas petitions. The government's arguments here as to why the 924C residual clause is so different from that analyzed in Johnson were brought up and rejected by the Fourth Circuit. I believe the case is called In Re Hubbard. And basically, I was trying to figure out how can you differentiate these two standards. And I read through the standard under the ACCA, and then if you read the standard under 924C, it requires a court under the residual clause to determine that by its nature, the crime involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. I don't see any meaningful difference between 924C's residual clause and that struck down by the court in Johnson. Johnson essentially had two bases for striking down the ACCA's residual clause. First of all, it said that that clause required grave uncertainty about how to evaluate the risk. And that's present here on the same language. And it secondly said that it's vague because it's hard to figure out how much risk it takes for a crime to constitute a violent felony. Could you just address the forced clause part of that? Assuming you're right, the enhancement the government says means that you qualify under the forced clause anyway. That we fail under the forced clause. I understand that, Your Honor. And I do want to, and I understand the government's arguments, but there's a couple things I wanted to raise briefly. First is, we know from the indictment that there were two charges, predicates listed, robbery and kidnapping. The government now on appeal doesn't argue that kidnapping is a crime of violence under the forced clause.  It wasn't objected to, and obviously this was pre-Johnson and so there's probably a thought, why object to this? And the third thing is that the assault wasn't charged in the indictment. And the judge instructed the jury that they could find either based on the assault, the kidnapping, or the robbery, that it was a crime of violence. One wasn't charged and I argue that that's a fatal variance of the indictment. The second one the government admits wouldn't, or it doesn't argue, would rise to the level of a crime of violence under the forced clause. And so what we're left with is not knowing what the jury found was the crime of violence. Because, again, they found the most severe violation of 924C, which involves the discharge of the weapon. And in that vein, Your Honor, I know the government just recently submitted a case, and all the cases are fast and furious. And I would like to submit a case recently out of the 11th Circuit in a 28-J letter, which basically, it was a month ago, and I apologize for not catching it before my reply brief. But it's almost exactly the same issue where there were several predicates, one of which may not have been a violent felony under the elements clause, and the court sent it back to the district court. And so with Your Honor's permission, I would like to brief that after my comment. And I'll rest on the re-sicensing argument, which I think is clear from the papers. Thank you very much, Your Honor. Your Honor, may it please the Court, Randall Crown on behalf of the government. Addressing first the questions about evidence that were discussed, a lot of the issues that I would bring out have been discussed by the court already and addressed. So I wanted to focus just on a couple of points. First, with respect to the question about the admissibility of the letter as an admission, I think we do stand by the argument that this is not the kind of statement that represents the kind of adopted admission that courts have found to be admissible, sort of as a starting point. The common law principle was that the government is not bound by the statements of its agents. The federal rule of evidence has been viewed as aggregating that to an extent, but to talk about statements made in discovery and treating them as admissions that have been adopted by the government. The defense counsel doesn't point to any case that does that, and I haven't found any case that treats that. Well, was it submitted to the grand jury, or you can't say? To be honest, I don't know. And if the court is interested, I could look into that. But I wasn't the trial counsel, and I don't actually know whether it was brought to the jury and rejected or simply not brought to them in the first place. I know the government suspected him of a role in that. As the court has brought out, the government did not deny that he was questioned, that he was found there. The facts sort of underlying his involvement, as they were known to the government, were brought out at trial. So another part that I think is important to note is, and I think Your Honor mentioned it particularly, this isn't an admission the way we think of it. It's not a fact. In one of the cases they cited in reply brief, it's a fact that a government agent admitted to or knew that they suspected somebody else had a lease on an apartment the defendant was supposed to be living in. That's a fact that one could say that could be admitted in a sense. This is a legal conclusion. Essentially, what an unindicted co-conspirator is and what it means to be one is not a fact about the person. If that's right, then if the government's position at trial was Roach had nothing to do with any of this, no one even knew him, and yet there's a statement by the government saying he's an unindicted co-conspirator, that would seem to undermine the government's case, wouldn't it? If the statement had been that ironclad, that he had no involvement whatsoever, was entirely disconnected from the case, I still think that... But to you, you wouldn't get to that. If you say it's not an admission, inherently it wouldn't matter, even if the government took the position he wasn't involved at all. Well, I think then you get into the question, which is what the Qatar case was really talking about. I was looking at it again this morning. It's not a case under the federal rules of evidence. It's saying that essentially the government can't take demonstrably and completely inconsistent positions. There's a certain unfairness to the court, in fact, in doing so. One could say that it could rise to the level that positions would be so demonstrably and clearly inconsistent that it would pose a problem. That's different, I think, from saying it's a factual admission of the kind that comes in under the rules, because Qatar wasn't a rules case. I guess it seems inconsistent to me that we allow, under certain circumstances, when they pass a certain test, the admissions of unindicted co-conspirators against defendants on trial, assuming the statements are made in furtherance of the conspiracy, and they're found to be part of the conspiracy. And it seems like now we're saying that that same kind of rule of certainty doesn't work in a defendant's favor. Well, I think Your Honor has also noted that the admission of co-conspirator statements is subject to various rules, including that they be made by a person who's demonstrated to be a co-conspirator in furtherance of the conspiracy. It's not like just anything that you allege to be comes in just because you put it in the mouth of a person who's alleged to be a co-conspirator. And the rules on the government side are a little bit different, and I think that's partly why I mentioned this sort of common law history, that in general the government was not viewed as making admissions through its agents. You know, the common law rule is that the statements of agents don't bind the government. And so that rule is advocated in a sense, but it doesn't mean that there aren't threshold requirements of saying that it meets the test under the rule in order to be treated as an adopted admission. In my understanding from the cases... But if it's a low... if it's a... because her argument is that combined with the other admission about Roach being picked up. I mean, if it's a low-threshold corroboration test, I mean, why isn't there enough for it to be admissible under this circumstance? Well, I think one of the problems is that these are... each of these fails for separate reasons, and so combining them as defense counsel attempts to say that we have to look them together. Well, in fact, each of them are offered under different rules and have different threshold requirements. The big problem with the Giddens admission not only is that the part about Cameron Roach wasn't inculpatory of Giddens, so it's hard to see how it would be viewed as an inculpatory statement. The statement that Giddens himself was in the van was inculpatory of him when he made it, but who he was with was not. So that, in some sense, is trying to piggyback an irrelevant fact or a non-inculpatory fact on an inculpatory fact. But then the other problem, as the Court noted, is that's not corroborated. In fact, it's disputed by the other evidence. Roach himself, in his interview, said he was picked up later. There's a text in which he said, you know, around after 6 o'clock, where he says, you know, where's Key? So he's talking to... Did the District Court make a finding on corroboration? Yeah, I was looking, and I didn't bring my transcripts up, so I couldn't look back to see. I don't remember one way or the other if the Court actually got to the point or not. Although... Suppose it didn't. Suppose the District Court didn't. Would it make sense to vacate so the District Court could then make the corroboration finding? Well, I don't think so because, again, I don't think it passes the inculpatory... Assuming that it did. Right, right. I don't think so because I think this Court can affirm on any ground made manifest by the record, and I think in this case there just isn't the information to suggest it. What we have are contradictory facts. We have Roach's own statement that he was picked up later and his text message. If there's contradictory facts, that seems like the kind of thing the District Court came out with. What's the review for Roach? Is it abuse of discretion or is it a no-go? I don't know if that particular fact... I would think that that would be a fact finding if it was made, but I should say, I want to rephrase what I said. Contradictory, not contradictory facts, facts that contradict the defendant's position. I'm not saying that the facts are contradictory. What about the text message couldn't be a potentially corroborating fact? To the contrary, because it's written from a position of a person who's not there, saying, you know, he's writing... You don't text somebody who's next to you in the van. You ask them. So, I mean, I think the suggestion there is that he's elsewhere and he's communicating with them and saying, where is Key at, who is understood to be Keyon. None of that puts him nearby. It suggests that, in fact, he's elsewhere and he's trying to be in touch with them. Same thing, there's a number of phone calls in that time span. Also, you don't call somebody who's sitting next to you. So, I guess my sense is, where the evidence is all on the other side, I think this court can reasonably take the position that the facts are, on the record, established the lack of reliability. But we return to Yaron's point, which is then, because I think the two have to be analyzed separately, I think that because the second one doesn't commune, you can't use it to sort of bootstrap the admissibility of the first one. And I also want to return to the point, which is that because this is essentially a legal conclusion, and Yaron made this point in the case that was cited, George, you would need to have further testimony. The defense counsel wants to say, we just put the letter in, but that wouldn't be the end of it. And the idea of a mini-trial, the problem is, is that if you have a legal conclusion about an unindicted co-conspirator, which the government is entitled to explain, so then you're talking about a prosecutor appearing, as noted in George, to explain why he wasn't indicted, what happened. And that is clearly a sort of a sideline issue, especially in light of the sort of minimal additive value where all the facts about Roach's involvement are already there. So again, a reasonable judgment of the court under 403, I think, even if you bypass all the threshold issues. So I do want to talk for a minute about the sentencing issues, unless Your Honor has further questions about the evidence issues. And that is, I think the one point I would like to make clear is I think the courts are in more agreement than is suggested with respect to 924C3. And that is the three appellate courts to have dealt with that particular statute have found that it is not invalidated by Johnson. And one court has found the identical language under 16B, the en banc Fifth Circuit, has found that it is also not invalidated. There are some other 16B cases that take the other position. But so far the courts are in agreement about 924C3B. And I think, correctly so, for the reasons we cite, and particularly the Second Circuit in Hill recited, which is the language of the statutes is different in significant ways. The two most important are that, first, it doesn't include the list of other crimes, which the Second Circuit describes as a mystifying list that renders what follows particularly confusing because you're trying to evaluate risk in light of this list where the risk of each of the three mentioned crimes is not itself consistent. And the second point is that the way that it is drafted, it is narrowly tied to the risk of physical violence taking place in the course of the crime and not the risk of physical injury, which we argued is a far narrower inquiry and doesn't raise one of the problems noted by the Supreme Court in Johnson, which is that when you're talking about physical injury, you're talking about potentially events occurring remotely in time or difficult to identify. Here it's just a single question whether the crime, by its nature, includes the risk of physical force being used. And here, I think, with respect to the two statutes we focus on, the government is not pressing that kidnapping is such a statute, but the assault on a federal employee and the assault on a postal worker involving a firearm in each case are clearly the kinds of crimes that, by their nature, because they involve a firearm as part of one of the elements of the offense, do, in fact, involve that kind of risk of violence. In fact, it's essentially a necessary part of each offense. Are we on plain air review in this case? It's plain air review in this case because the issue of Johnson and anything with respect to 924c3b was not raised below. And what's your answer to the suggestion by counsel that because you're not defending the kidnapping charge as a predicate offense, we just don't know what offense the jury would have relied on? Well, I mean, again, on plain air review, it's their burden to show that the jury would not have found that there was a satisfying crime here. But why wouldn't it just be their burden to show that we don't know what the jury found? Well, because I don't think that's the way the burden has been applied in these predicate cases. In the cases in Guidelines and MacArthur and these kinds of things, I think the view has been the defendant has to show that essentially the nonviolent form was relied upon, that the nonqualifying form was relied upon. And that sort of seems to be the consistent thread, that if there is a satisfying predicate and they can't show that they relied on an improper predicate, Even if the improper predicate was, the reason it was improper was because it was legally improper? Yes, because I understand Your Honor is referring to a different analysis we apply when we have a general verdict and the question between legal insufficiency and factual insufficiency. So why is that not applicable here? Right. I mean, I think this is just a different analysis. And that occurs in a case, I think preserved cases, when you're talking about whether you can support a general verdict when one part of it is insufficient. But the argument here is, again, plain error of view. They're willing to show that the reasonable jury could not have that. So just on a sufficiency challenge, if you didn't raise it properly, let's say it was plain error on the sufficiency challenge, if there was a blatantly illegal theory that went to the jury and a lawful one, the defendant would have to show that the lawful one was the only way the jury could have gotten a general verdict. As standing here, I can't answer that question. Like, I don't know what the cases say in that case. It doesn't make a lot of sense. How would the defendant ever be able to show that it's a general verdict? You're not allowed to inquire. Well, I mean, again, the question has been raised in the plain error context in the guidelines cases as well, is that where there's a lack of evidence, where we don't know what happened, we don't know what the district court relied upon, we don't know what the underlying crime was, the plain error of view is that the defendant bears the burden of the uncertainty. That's because there was a PSR that showed a qualifying crime and the counsel had a chance to object and did not object. So we take it as a kind of fact stipulation. But that's not true here. This was presented to the jury. Yes, Your Honor. So his failure to object has nothing to do with it. Well, the fact stipulation, that would be a plea. No, but again. So that says that analysis can't be the reason here. Well, no, and Your Honor, I think I can't satisfy your interest in this because my understanding is that on plain error of view, the same rule would apply. It's still his burden to show. Not that we don't know, but that an improper basis was relied upon because the burden is to show prejudice. The burden is to show, and the prejudice is not. The prejudice is that the jury was given two theories, one of which you concede was unlawful and then convicted him. Well, that's. No, I think that prejudice generally, they must show a reasonable probability of a different result. I mean, that's the basis of a lot of prejudice. I would have thought of this as to show that it's not possible to say that beyond a reasonable doubt they convicted him on the lawful theory. Well, I think if it was preserved, then we'd have a beyond a reasonable doubt question to raise. But I think that that's, I simply think that that's not correct. But you don't have a case in this setting that suggests that what you're saying we should do is right. But I think, no, Your Honor, that's true. But I think a lot of, and I will be happy to see if I can find something that's submitted to the court. But my understanding is that the same prejudice inquiry, which is a reasonable probability of a different result, would apply here. And the reason why we don't think that's possible is these crimes, this is not a situation in which different parts of it occurred at different periods of time. These occurred, the events all occurred simultaneously. The postal worker was assaulted. The federal employee was threatened. The person was kidnapped and forced into the back of the van. At the same time, these were happening essentially simultaneously. The jury found that all of the predicate offenses had, in fact, been committed. So the suggestion that the jury, that there's a reasonable probability that the jury, if properly instructed as to only the two that qualified and not as to two, would have come to a different result. I think there's really no support for that. Mr. Kremlin, isn't this all academic because Judge Kasper rejected the 924 enhancement and sentenced well below it? Well, no, that's, Your Honor, not correct. Because I think that the on and after offense was part of the sentence. That goes to the guidelines question. My understanding of the way that the court sentenced is that the court modified the guidelines range, but that the 924C on and after offense was still included as part of the sentence. And so that does not do away with the problem. So, again, it does come back to whether the statute is itself unconstitutional, 924C, 3B, and if not, whether they can show a reasonable probability. Can I ask you one last question about the enhancement? Yes. Is key to your conclusion that if the residual clause is out, that it qualifies under the force clause? The enhancement, the use of the firearm, yes. Not the brandishing or the, I mean, what I'm saying is that there was the enhanced offense that was charged. In each case, there was sort of, as we point out, the record, each offense has sort of an unenhanced and enhanced form that involves the use of a firearm or injury. But in addition, there was the additional factor of brandishing, I believe, was the factor used. That is what we're focusing on. It does have to be the enhanced offense in order to qualify under 924C, 3B. In our view, the brandishing was not necessary for that reason. Thank you.